**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-8040**

LEONARD LEE FOSTER,

              Petitioner - Appellant,

         v.

LEROY CARTLEDGE, Warden,

              Respondent - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Henry M. Herlong, Jr., Senior
District Judge.  (2:09-cv-00645-HMH)

Submitted:  February 25, 2010          Decided:  March 4, 2010

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Leonard Lee Foster, Appellant Pro Se.  Donald John Zelenka,
Deputy Assistant Attorney General, Melody Jane Brown, Assistant
Attorney General, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Lee Foster seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2254 (2006) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Foster has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2